## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JUDY KNIGHT, *et al.,*

                    )

        Plaintiffs,      )

vs.                   )        NO.  CIV-13-0129-HE

                    )

MOORING CAPITAL FUND, LLC, *et al.,* )

                    )

        Defendants.    )

## <u>ORDER</u>

Plaintiffs filed this action in state court reasserting claims that were the subject of a prior lawsuit, <u>Mooring Capital Fund, LLC v. Knight</u>, 388 Fed.Appx. 814 (10th Cir. 2010), *cert, denied,* 131 S.Ct. 1701 (2011) ("<u>Mooring</u> #1").  Defendants Mooring Capital Fund, L.L.C ., Mooring Financial Corporation and John Jacquemin removed the action and filed a motion to dismiss.  Plaintiffs then filed an amended complaint and defendants have filed a second motion to dismiss.  The court concludes defendants' motion should be granted and sua sponte dismisses plaintiffs' claims with respect to the remaining defendants.

Construing the complaint liberally because of plaintiff Judy Knight's pro se status,[1] the court concludes that, although plaintiffs have added some new claims, the underlying factual basis for this lawsuit is the same as the preceding action, <u>Mooring</u> #1.  Therefore, plaintiffs' claims are barred by the doctrine of claim preclusion.[2]  <u>Wilkes v. Wyo. Dep't of</u>

---

[1] *The plaintiff corporations cannot appear pro se or be represented by Ms. Knight.  <u>Mooring Capital Fund</u>, 388 Fed. Appx. at 823.*

[2] *Defendants Jacquemin and David Nalls were not parties to Mooring #1, but may assert the claim preclusion doctrine defensively.  See generally <u>Parrett v. Unicco Serv. Co.</u>, 127 P.3d 572, 582 n.2 (Okla. 2005) (Opala, J., dissenting in part) ("This court recognized in <u>Anco Mfg. & Supply Co. v. Swank</u>, 1974 OK 78, 524 P.2d 7, 10, that the issue preclusion doctrine may be asserted*

Employment Div. of Labor Standards, 314 F.3d 501, 503-04 (10th Cir. 2002) ("Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action.") (internal quotations omitted).  Even if the doctrine did not apply, plaintiffs' claims would either be barred by the statute of limitations or subject to dismissal for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).[3]

Accordingly, defendants' motion to dismiss [Doc. #13] is **GRANTED**.  The court also sua sponte dismisses plaintiffs' claims against the remaining defendants.  This action is **DISMISSED with PREJUDICE in its ENTIRETY**.[4]

Defendants also ask the court to enjoin plaintiffs from filing additional lawsuits concerning the same subject matter.  They contend that Ms. Knight has filed three lawsuits in addition to this action, related to Mooring #1.[5]  Summons have not been issued in any of them.

The court declines to enter at this point the sort of broad order defendants seek,

---

*defensively.").  The court also notes that the only claims asserted against the individual defendants are the racketeering claims, which fail under Fed.R.Civ.P. 12(b)(6).*

[3]*Although plaintiffs named a law firm and various attorneys in their amended complaint, they did not make any specific allegations regarding them.*

[4]*While normally a dismissal is with leave to amend, plaintiffs will not be granted leave to amend as it would be futile.*

[5]*The court takes judicial notice of the other actions: Mooring #1; Knight v. Mooring Capital Fund, LLC, No. CJ-2009-1847 (D.Cleveland Cty. 8/17/2009); Knight v. Andrews, Davis, No. CJ-2011-576 (D.Cleveland Cty. 4/08/2011); Knight v. Ward and Glass, No. CJ-2011-591 (D.Cleveland Cty. 4/13/2011).  See Fed.R.Evid. 201(b).*

2

particularly since the cases being filed are in the state courts.  However, plaintiffs should understand that, by filing repetitious lawsuits after they have had an adequate opportunity to litigate their claims, they are wasting judicial resources and potentially imposing needless expense or unnecessary burdens on the opposing parties.  If plaintiffs persist in asserting issues in this court or other courts that are barred by reason of  <u>Mooring</u> #1, this or some other court may impose sanctions, including damages and filing restrictions, in the future.

**IT IS SO ORDERED**.

Dated this 7th day March, 2013.

JOE HEATON
UNITED STATES DISTRICT JUDGE